UNITED STATES of America,

v.

**Jose SANTIAGO, et al., Defendants.**

**No. 00 CR. 237(VM).**

United States District Court,
S.D. New York.

Jan. 18, 2002.

---

***ORDER***

MARRERO, District Judge.

On January 10, defendant Jose Santiago filed a motion for an Order pursuant to Federal Rule of Criminal Procedure

12(b)(3), the Fourth Amendment of the United States Constitution and Title III of the Omnibus Crime Control and Safe Streets Act of 1968, suppressing evidence and testimony of witnesses that are the fruits of allegedly unlawful electronic surveillance. On January 16, 2002, the Court heard oral argument on the motion. For the reasons set forth in the Court's statement on the record, a copy of which is attached and incorporated hereto, it is hereby

ORDERED that Santiago's motion to suppress is DENIED.

SO ORDERED.

### STATEMENT OF COURT'S ORDER REGARDING DEFENDANT JOSE SANTIAGO'S MOTION TO SUPPRESS AT ORAL ARGUMENT, JANUARY 16, 2002

■ Having reviewed Santiago's motion to suppress the government's wiretap evidence and the government's response, the Court finds that the evidence is admissible for a number of reasons. First and most importantly, Santiago has failed to establish that he has standing to challenge the evidence in question. The evidence was produced from an investigation that was entirely separate from the investigation in this case. Santiago was not a suspect or a target in that investigation. In numerous instances, courts in this district have held that a defendant who was not a named target or interceptee of a wiretap must submit proof by affidavit that he was overheard on the wiretap in order to establish standing to seek suppression of such evidence. For example, *see United States v. Labate,* No. S100 Cr. 632, 2001 WL 533714 (S.D.N.Y.2001) and *United States v. Bellomo,* 954 F.Supp. 630 (S.D.N.Y.1997).

In the instant case, Santiago has not provided the Court with an affidavit or sworn testimony that he was overheard on the allegedly unlawful wiretap. As a result, he has no standing to contest the legality of the wiretap or evidence that was produced from it.

■ Even if Santiago did have standing to contest the wiretap, which he does not, the Court would still find that the evidence in question is admissible. Santiago argues that there is an insufficient factual basis for this Court to uphold the finding of probable cause by the First Department of the New York Appellate Division, which is the court that authorized the wiretaps in question. However, this Court must give substantial deference to the finding of an issuing judicial officer that probable cause exists. *See United States v. Nichols,* 912 F.2d 598 (2d Cir.1990). This Court's consideration is limited to whether the issuing judicial officer had a substantial basis for the finding of probable cause. *See Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

■ Here, there was more than a substantial basis for the issuing court to find probable cause. The police detectives in the investigation in question made a number of wiretap applications to the First Department of the New York Appellate Division. The applications adequately demonstrated that the targets of their investigation were using a number of specific telephones, mobile telephones and beepers to discuss and conduct drug business. Upon review of these applications, this Court concludes that there was a substantial basis for the First Department of the Appellate Division to find that probable cause existed.

Santiago's second argument is that the government failed to demonstrate the necessity of the wiretaps based on the unavailability of alternative investigative techniques. Title 18, United States Code, section 2518(1)(c) requires that an applica-

tion for the interception of electronic communications include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." Section 2518(3)(c) of the same title requires a court reviewing a Title III application to determine, as a condition of authorizing the wiretap, that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous."

█ The Second Circuit has aptly stated that "the purpose of the statutory requirements is not to preclude resort to electronic surveillance until after all other possible means of investigation have been exhausted by investigative agents; rather, they only require that the agents inform the authorizing judicial officer of the nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods." *See United States v. Torres*, 901 F.2d 205 (2d Cir. 1990). After reviewing the above mentioned wiretap applications, this Court concludes that the detectives involved provided the First Department with a sufficient showing of the progress of their investigation and of the difficulties inherent in the use of normal law enforcement methods. For example, the applications indicated that regular surveillance would not provide sufficient information to establish either the nature of the illegal activities or the identities of all the suspects involved in the alleged conspiracy that was under investigation. Accordingly, the Court finds that there is no basis to doubt the issuing judges' determination that the need for a wiretap existed. *See United States v. Miller*, 116 F.3d 641 (2d Cir.1997).

█ Santiago's third and final argument is that the detectives who obtained autho-

rization for the wiretaps in question, failed to "minimize" the interception of conversations that were not relevant to their investigation. In *Scott v. United States*, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978), the Supreme Court stated that Title III "does not forbid the interception of all non-relevant conversations, but rather instructs the agents to conduct the surveillance in such a manner as to minimize the interception of such conversations." This Court concludes that the detectives conducted their investigation in such manner to minimize the interception of non-relevant conversations. The Court considered several factors to reach this conclusion. One factor was the nature and scope of the criminal enterprise that was under investigation. "Large and sophisticated narcotics conspiracies, such as the conspiracy alleged in the wiretap applications in question here, justify more interception, especially where a stated purpose of the wiretap is to learn the identities of conspirators and to delineate the contours of the conspiracy." *See United States v. Pichardo*, 1999 WL 649020 (S.D.N.Y.1999). Another factor that the Court considered was the use of coded or ambiguous language by target suspects to advance the alleged conspiracy.

For all the foregoing reasons, Santiago's motion to suppress the government's wiretap evidence is **DENIED.**